UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Hussein M. Moussa,                                 Case No.: 12-54346-wsd
                                                                        Chapter 13
             Debtor.                                    Hon. Walter Shapero
_____/

**OPINION DENYING SANAA BOUMELHEM'S MOTION FOR TRUSTEE TO RECOVER FUNDS MISAPPLIED TO OTHER CREDITORS TO PAY PRIORITY CLAIM PURSUANT TO THE CONFIRMED PLAN (DKT. 71) AND MOTION TO STRIKE FRAUDULENT CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATIONS, AND REVOKE DISCHARGE (DKT. 77)**

Before the Court are two motions filed by Sanaa Boumelhem: (1) Motion For Trustee To Recover Funds Misapplied To Other Creditors To Pay Priority Claim Pursuant To The Confirmed Plan (Dkt. 71); and (2) Motion To Strike Fraudulent Certification Regarding Domestic Support Obligations, And Revoke Discharge (Dkt. 77). At an August 18, 2015 evidentiary hearing on the two motions, Claimant submitted documentary exhibits that were admitted into evidence and the Court took judicial notice of other exhibits consisting of filed pleadings. The parties offered no oral testimony and the operative facts are uncontested.

Debtor filed this Chapter 13 case on June 12, 2012. He filed his schedules on June 18, 2012, listing his ex-wife Sanaa Boumelhem ("Claimant") on Schedule F as holding an unsecured nonpriority claim described as "Judgment", in the amount of $13,426.71. Debtor also listed Claimant on his Schedule E as holding an unsecured priority claim described as "Child support/notice only" in the amount of $0.00. On the same date, Debtor also filed a Chapter 13 plan that, among other things, described a claim in "Class Six – Priority Unsecured Claims" as

1

"Sanaa Boumelhem[.] Wayne County [Friend of the Court]" in the amount of "0.00… Notice Only" and further describing it as "*Paid Direct by Debtor because current*". Elsewhere, the plan provided "If a holder of a claim files a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise by order of the Court." The plan did not otherwise specifically deal with the judgment claim. On July 26, 2012, Claimant, through counsel, objected to Debtor's proposed plan on grounds that (a) unpaid obligations arising under the judgment of divorce, by the terms of that judgment, automatically become alimony; (b) the plan was filed in bad faith; and (c) Claimant's alimony claim must be paid in full. On September 4, 2012, Debtor filed an affidavit stating "I pay child support to [Claimant] for my daughter through the Wayne County Friend of the Court and I have been current with my child support since the filing of this case." On the same date, Debtor filed a Confirmation Hearing Certificate requesting confirmation of his plan, and stating with regard to Claimant's objection "Creditor Boumelhem: Believes she should be paid 100%... Debtor: Based upon the increase in length the OCP provides all creditors to receive 100%[.]" On September 13, 2012, the Court entered an Order Confirming Plan, providing "All creditors shall receive no less than 100% of their duly filed claims." On September 15, 2012, Claimant timely filed a proof of claim in the amount of $13,400, stating as its basis a "Domestic support obligation under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B)" and attaching thereto a 2003 state court Judgment of Divorce.[1] No objections were filed to said proof of claim. Following

---

[1] The Judgment of Divorce, by its terms, provides in relevant part:

> IT IS FURTHERER ORDERED that neither [Debtor], nor [Claimant], shall receive any alimony from the other, and alimony shall be thereafter forever barred unless [Debtor] fails to make the payments described in the property settlement

2

confirmation, the Chapter 13 Trustee paid claims under the plan, but did not make any payments to Claimant (the Trustee apparently relying on the plan provision indicating that the child support claim was to be paid directly and apparently concluding that Claimant's filed proof of claim was not "at variance" with the plan, and possibly not appreciating that there may have been two separate domestic support claims involved). On February 13, 2015, the Trustee filed a Notice of Completion of Plan Payments, which was electronically served on Claimant's counsel, who filed no objections, timely or otherwise. On March 11, 2015, Debtor filed a Certification Regarding Domestic Support Obligations, indicating he was obligated to pay such obligations to Claimant and that he has paid all such amounts, including prepetition amounts to the extent provided for in the plan. On March 16, 2015, Debtor received a discharge. On the same day (and, in fact, within thirty minutes of Debtor receiving his discharge), Claimant filed an Objection to Closing of Case (Dkt. 66) on the basis that she had received no payment on her filed proof of claim. On May 11, 2015, Claimant filed a Motion For Trustee To Recover Funds Misapplied To Other Creditors To Pay Priority Claim Pursuant To The Confirmed Plan (Dkt. 71). On June 27, 2015, Claimant filed a Motion To Strike Fraudulent Certification Regarding Domestic Support Obligations, And Revoke Discharge (Dkt. 77). She argues that she has not been paid on her proof of claim, as was

---

provisions of this Judgment, in which case the said payments, increased by a factor to cover [Claimant's] increased tax liability, shall become spousal support and shall continue only as long as it takes to pay out the total sum owed by [Debtor], with the added tax increment, after which time alimony shall be forever barred;

The property settlement provisions that follow include various payments Debtor is to make to Claimant for an interest in real property, clothing, attorney fees, and "the loss of her clothing, computer, etc."

required by the Debtor's confirmed plan. Essentially, she argues and requests that (a) funds paid to unsecured creditors be clawed back and paid to her, because the confirmed plan requires that her priority judgment claim be paid before unsecured tax claims; and (b) that Debtor's discharge effectively be revoked, pending payment of her claim.

In sum, the situation is as follows:

(1) The divorce judgment between Debtor and Claimant appears to have provided for both child support and other payments to Claimant.

(2) At the time of Debtor's bankruptcy filing, Debtor was not delinquent in his child support payments, and post-filing he continued to make those required payments.

(3) Claimant timely filed a proof of claim for $13,400, the basis for such being a domestic support obligation, comprised of amounts Debtor owed her pursuant to the divorce judgment, *other than the child support payments*.

(4) Claimant's filed proof of claim was not objected to; she objected to confirmation; and the result was that a confirmation order was entered on September 13, 2012 stating that unsecured creditors were to be paid 100% of their claims.

(5) Pursuant to the confirmation order, the Trustee made payments under the plan for a period of more than two years, but did not make any payments to Claimant.

(6) Claimant did not take any action consistent with not being paid after confirmation until after receiving the Trustee's Notice of Completion of Plan Payments.

(7) Claimant did not file any response or objection to the Trustee's notification of completion of plan payments, incident to which Debtor certified he had paid all his domestic support obligations, apparently doing so in his mind with reference to his up-to-date child support

4

payments and, like the Trustee, possibly not fully appreciating that Claimant's filed claim reflected a debt for amounts other than the child support. Debtor then received his discharge.

The relief sought by Claimant, as noted, is setting aside Debtor's discharge and (a) requiring the Trustee to retrieve monies that had been paid to other creditors in order to have the appropriate portion of such paid to Claimant, as would have been the case if the claim started to be paid immediately after confirmation; and/or (b) to extend the plan to require Debtor to continue payments until Claimant is paid in full on her claim. That not only presents the obvious practical difficulties, but fails to sufficiently take into account (1) that Claimant for two years failed to object to not being paid; (2) that Claimant failed to object to the Trustee's notice of plan payment completion; and (3) that discharges should not lightly be set aside. In the Court's view, these facts require an application of the principles of laches and estoppel to what the Claimant here seeks, keeping in mind that Debtor agrees that Claimant's claim is, and was, not discharged.[2] As such, Claimant is fully able to pursue collection of that unpaid claim in the state court, keeping in mind that (a) in this Court, Debtor, as noted, did not object to the claim (which was filed as a domestic support obligation) or its amount; and (b) Debtor is entitled to the discharge of the other debts covered by the plan, which he has apparently otherwise fully

---

[2] Debtor explicitly takes the position that Claimant's judgment claim survived the discharge. However, he also somehow takes the position that the claim is not within the parameters of § 523(a)(5), which excepts from discharge domestic support obligations as broadly defined by § 101(14A). Nonetheless, because Debtor agrees that the claim was not discharged, and such position is reinforced by the fact that Debtor never objected to that claim, which was filed as a domestic support obligation, the Court concludes as a matter of bankruptcy law that the claim was not discharged.

5

complied with. While it might be fairly argued that there was some fault here on the part of the Trustee in not making payments in the first place or at least not fully investigating or appreciating the nature of the claim; as well as noting that some of the responsibility for the problem also falls on Claimant; on balance and based on all the facts, the Court concludes that the onus for collection at this point should now be on Claimant by way of further pursuing it in the state court. In the Court's view, Claimant's requested relief would place inappropriate burdens on the Trustee and the Debtor, and would likely result in proceedings in this Court that would be more complicated and less efficient and with likely poorer net results than the alternative. Therefore, the Court will deny both of Claimant's motions and will contemporaneously enter an appropriate order.

**Signed on September 29, 2015**

　　　　　　　　　　　　　　　　　　　　　　　　**/s/ Walter Shapero**

**Walter Shapero**
**United States Bankruptcy Judge**